1

2

**UNITED STATES DISTRICT COURT**

3

**DISTRICT OF NEVADA**

4

* * *

5

| | |
|---|---|
| MI-94, LLC, a Nevada limited liability company, also known as Metalast International LLC, a Nevada limited liability company, | Case No. 2:23-cv-00647-CDS-DJA |
| Plaintiff, | **Order** |
| v. | |
| Chemetall US, Inc., a Delaware corporation; BASF Corporation, a Delaware corporation; Qualichem Inc., a Virginia corporation; Dubois Chemicals, Inc., a Delaware corporation; Miles Chemical Company, a California corporation; John Schneider and Associates, Inc., a Wisconsin corporation; Broco Products, Inc., an Ohio corporation; Ronatec C2C, a California corporation; Electroplating Consultants International, an Oklahoma corporation; Albemarle Corporation, a Nevada corporation; Southern Industrial Chemicals, Inc., an Alabama corporation; Dean Meiling, an individual; Madylon Meiling, an individual; DSM Partners, LLC, a Nevada entity; Chemeon Surface Technology, a Nevada entity; and Does 1-10, inclusive, | |
| Defendants. | |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21          This is a trademark infringement case arising out of Defendants' use of the term

22     "Metalast."  Plaintiff sues Defendants for damages and injunctive relief, alleging claims for false

23     designation of origin under the Lanham Act, interference with prospective economic advantage,

24     and unjust enrichment.  Plaintiff moves to serve two defendants—Ronatec C2C, Inc. and

25     Electroplating Consultants International, Inc.—via their respective Secretaries of State.  (ECF

26     Nos. 73 and 74).  The parties also filed a disputed discovery plan and Defendants Chemetall US,

27     Inc.; BASF Corporation; Qualichem Inc.; Miles Chemical Company; John Schneider and

28     Associates Inc.; Broco Products, Inc.; Southern Industrial Chemicals, Inc. (collectively, the

"Distributor Defendants"); Dean Meiling; Madylon Meiling; DSM Partners, LLC; and Chemeon Surface Technology (collectively, the "Meiling Defendants") have jointly moved to stay discovery.  (ECF Nos. 82 and 83).  The Meiling Defendants also move for Rule 11 sanctions against Plaintiff.  (ECF No. 84).

Because the Court finds that Plaintiff has not met threshold requirements to serve Ronatec and Electroplating via their respective Secretaries of State, it denies Plaintiff's motions to serve Ronatec and Electroplating via alternative means.  (ECF Nos. 73 and 74).  Because the Court finds that Defendants have demonstrated good cause, it grants Defendants' motion to stay discovery and denies the parties' stipulated discovery plan without prejudice.  (ECF Nos. 82 and 83).  Because the Court finds that the Meiling Defendants raise similar arguments in their Rule 11 motion as they do in their motion to dismiss, the Court denies the motion for Rule 11 sanctions. (ECF No. 84).

## I.   __Background.__

In 1995, an individual named David Semas registered the "Metalast" name and logo marks with the USPTO, listing Metalast International, Inc. as the registered owner.[1]  The Metalast mark pertains to a metal coating technology with industrial and military applications and related products that are touted as the most environmentally safe and non-cancerous in the industry.  In 2013, Semas caused Metalast International, Inc. to assign the trademark to him personally.  Semas remains the registered owner of the trademark.

Around the same time as he was registering the Metalast trademark, Semas became the president and manager of Metalast, LLC.  Metalast, LLC was formed to market and license the Metalast product for the benefit of the company's investors.  To that end, in 1996, Semas had Metalast International, Inc. provide Metalast, LLC with a license to exploit the trademark through a license agreement.  Between 1994 and 2013, the members of Metalast, LLC invested tens of millions of dollars in the development of the Metalast product.

[1] These facts are based off of the Plaintiff's complaint and are not intended to be findings of fact.

1    During his tenure as president, Semas borrowed money from Defendants Dean Meiling

2    and Madylon Meiling and their entity, DSM Partners, LLC.  In April of 2013, the Meilings

3    initiated a receivership action for Metalast, LLC.  In November of 2013, the court-appointed

4    receiver conducted a sale of the Metalast, LLC assets, which assets the Meilings purchased.  The

5    receiver then changed the name of Metalast, LLC to MI-94, LLC.

6    After the sale, the parties disputed whether the Meilings had purchased the rights to use

7    the "Metalast" trademark as part of the Metalast, LLC assets.  In 2015, the Semas and the

8    Meilings entered into a settlement agreement through which the Meilings agreed that the

9    trademarks belonged to Semas.  Defendants then began marketing and distributing products using

10   the phrase "formerly Metalast," which Plaintiff alleges breached the settlement agreement.

11   In 2015, Chemeon Surface Technology—the Meilings' company—sued Semas and other

12   related parties, asking the Court to, in part, enter a declaratory judgment finding that Chemeon's

13   use of the term "Metalast" in conjunction with "formerly Metalast" did not infringe on the

14   Metalast trademark.  *See Chemeon v. Metalast*, Case No. 3:15-cv-00294-CLB, at ECF No. 538-1

15   at page 40 ("*Chemeon*").  Plaintiff asserts that, throughout the *Chemeon* litigation, the Honorable

16   District Judge Miranda M. Du indicated that the Meilings' use of the term "formerly Metalast"

17   and similar terms did not violate the settlement agreement.  But in 2019, the parties consented to

18   the jurisdiction of the Honorable Magistrate Judge Carla Baldwin.  *Chemeon*, at ECF No. 494.

19   Following a bench trial, Judge Baldwin ruled in a February 2021 decision that the Meilings' use

20   of the "formerly Metalast" term and terms similar to it violated the settlement agreement.  *Id.* at

21   ECF No. 627 at page 23.  In June 2022, the Ninth Circuit upheld Judge Baldwin's interpretation.

22   *See id.* at ECF No.657 at page 2-3.

23   Plaintiff now sues Defendants for their use of its trademark, which has been ongoing since

24   2015.  Plaintiff asserts that its claims are tolled because it only learned after Judge Baldwin's

25   decision that the Defendants' use of the trademark was actionable.  Plaintiff adds that the

26   Distributor Defendants are currently parties to a related suit—*Semas v. Chemetall US, Inc.*, Case

27   No. 3:19-cv-00125-CLB—with which Plaintiff asserts the instant action should be consolidated.

28   In *Semas v. Chemetall* ("*Chemetall*"), Semas sued Chemetall—a Metalast product distributor—

and other related parties for trademark infringement.  *Chemetall*, at ECF No. 16.  In that

litigation, Semas alleges, in part, that Defendants—including Chemeon and the Meilings—

intentionally confused consumers by labeling products with the term "formerly Metalast."  *Id.* at

page 6.  On March 1, 2023, Judge Baldwin declined to lift the stay in the *Chemetall* litigation,

explaining that, because of an ongoing appeals process, "there has not been a final resolution of

the Chemeon Litigation."  *Chemetall*, at ECF No. 206.  *Chemetall* is still currently stayed.

**II.   Discussion.**

    ***A.   Plaintiff's motions to serve Defendants via Secretary of States.***

Plaintiff moves to serve Ronatec and Electroplating via their respective secretaries of

state.  (ECF Nos. 73 and 74).[2]  Ronatec is a California corporation.  Electroplating is an

Oklahoma corporation.

Under Federal Rule of Civil Procedure 4(e) a plaintiff may serve process by "following

state law for serving a summons in an action brought in courts of general jurisdiction in the state

where the district court is located or where service is made."  Under Federal Rule of Civil

Procedure 4(h), a corporation must be served according to Rule 4(e), or "by delivering a copy of

the summons and of the complaint to an officer, a managing agent or general agent, or any other

agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P.

4(h)(1)(A)-(B).

        1.   Ronatec.

Under Section 1702(a) of the California Corporations Code,

> If an agent for the purpose of service of process has resigned and
> has not been replaced or if the agent designated cannot with
> reasonable diligence be found at the address designated for
> personally delivering the process, or if no agent has been designated,
> and it is shown by affidavit to the satisfaction of the court that
> process against a domestic corporation cannot be served with
> reasonable diligence upon the designated agent by hand in the
> manner provided in Section 415.10, subdivision (a) of Section

---

[2] Plaintiff improperly filed its motions as "notices."  Nonetheless, the Court addresses them as if they were motions.  If Plaintiff wishes to renew its request to serve these entities via alternative means, Plaintiff must file those requests as motions.

415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

Sections 415.10, 415.20, and 415.30 of the California Code of Civil Procedure provide the rules for personal service and service by mail.  Sections 416.10 and 416.20 of the California Code of Civil Procedure provide the rules for service on a corporation.  "As a condition precedent to the issuance of an order for such substituted service, a plaintiff's affidavit must establish that the corporation cannot be served with the exercise of due diligence in any other manner provided by law." *Navigators Specialty Insurance Company v. SVO Building One, LLC*, No. 22-cv-07102-JSC, 2023 WL 2396781, at *2 (N.D. Cal. Mar. 6, 2023) (internal citations and quotations omitted).

Here, Plaintiff has not demonstrated any attempts to serve Ronatec's registered agent by mail under § 415.30(a).  *See* Judicial Council's Comment, Cal Civ. Code § 415.30 (noting § 415.30 provides a means to serve individuals listed in § 416.10); *see also Dist. Council 16 N. Cal. Health & Welfare Tr. Fund v. Prods. Serv. & Labor*, No. 20-cv-2063-JCS, Docket Number 12 at 2 (N.D. Cal. June 23, 2020) (denying motion to serve through Secretary of State for failure to conduct service on agent by mail).  Additionally, Plaintiff's process server attempted to reach Ronatec's agent over the course of six consecutive days, waiting at the address for only about eight minutes, and arriving around the same times (between 6:00 pm and 8:00 pm) nearly every day.  Coupled with the fact that Plaintiff did not mail the service to Ronatec's agent, these attempts are inadequate.  Additionally, Plaintiff has not provided the Court with any information about its attempts to locate or serve any of Ronatec's other officers as provided under § 416.10.  Thus, the Court cannot deem the requirements under California Corporations Code § 1702 met and denies Plaintiff's motion to serve Ronatec via Secretary of State without prejudice.

1    2.    Electroplating Consultants.

2    Under Oklahoma Statutes Annotated Title 12 Section 2004(C)(1)(c)(3) service shall be

3    made upon a domestic corporation by delivering a copy of the summons and of the petition to an

4    officer, a managing or general agent, or to any other agent authorized by appointment or by law to

5    receive service of process.  Under Section 2004(C)(4)(a), service of process on a domestic

6    corporation may be made by serving the Secretary of State as the corporation's agent if: (1) there

7    is no registered agent for the corporation listed in the records of the Secretary of State, or

8    (2) neither the registered agent nor an officer of the corporation could be found at the registered

9    office of the corporation, when service of process was attempted.  Before resorting to service on

10   the Secretary of State, the plaintiff must have attempted service either in person or by mail at:

11   (1) the corporation's last-known address shown on the records of the Franchise Tax Division of

12   the Oklahoma Tax Commission, if any is listed there, and (2) the corporation's last-known

13   address shown on the records of the Secretary of State, if any is listed there, and (3) the

14   corporation's last address known to the plaintiff.  Okl. Stat. Ann. tit. 12 § 2004(c)(4)(b).  If any of

15   these addresses are the same, the plaintiff is not required to attempt service more than once at any

16   address.  *Id.*  The Plaintiff shall furnish the Secretary of State with a certified copy of the return or

17   returns showing the attempted service.  *Id.*

18   Here, Plaintiff has not demonstrated the three requirements for service via the Secretary of

19   State of Oklahoma.  Plaintiff asserts that its process server attempted to serve Electroplating's

20   registered agent at the address shown in the Secretary of State's records.  But Plaintiff has not

21   demonstrated that it has attempted service on Electroplating's address shown on the records of the

22   Franchise Tax Division of the Oklahoma Tax Commission or the corporation's last address

23   known to the Plaintiff.  And Plaintiff has not explained whether those addresses are the same.

24   The Court thus denies Plaintiff's motion to serve Electroplating via Oklahoma's Secretary of

25   State without prejudice.

26   **B.    Discovery plan and motion to stay discovery.**

27   The test this Court applies when considering motions to stay is the "good cause" standard.

28   *See Gibson v. MGM Resorts International*, No. 2:23-cv-00140-MMD-DJA, 2023 WL 4455726, at

*3 (D. Nev. July 11, 2023) (adopting the "good cause" standard).  That test considers: (1) whether the dispositive motion can be decided without further discovery; and (2) whether good cause exists to stay discovery.  *Id.*  Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion.  Ultimately, guided by Federal Rule of Civil Procedure 1, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case."  *Id.* (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

The Meiling Defendants and the Distributor Defendants jointly move to stay discovery. (ECF No. 83).  They argue that the pending motions to dismiss (ECF No. 61 and ECF No. 63) are dispositive; require no discovery; and raise statute of limitations, standing, and jurisdiction issues. They elaborate that Plaintiff's suit is duplicative of previous and concurrent lawsuits, meaning that they will be prejudiced by duplicative and unnecessary discovery if discovery in this case is not stayed.  Indeed, the Meiling and Distributor Defendants point out that Plaintiff has moved to consolidate the instant lawsuit with *Chemetall*, in which case discovery is stayed.  Additionally, Plaintiff initially agreed to a stay of discovery, but withdrew that agreement after realizing that the Court would not decide the pending dispositive motions in the two weeks it expected.

Plaintiff responds that the Meiling and Distributor Defendants' arguments regarding the merits of their motion to dismiss does not demonstrate that this is the type of exceptional case where a stay is necessary.  (ECF No. 87).  Plaintiff adds that every litigation comes with the burdens of discovery and that the Meiling and Distributor Defendants do not explain why a ruling in the related *Chemetall* case will relieve them of the burdens in this case such that discovery would be burdensome here.  Plaintiff asserts that the *Chemetall* case does not involve the rights asserted by Plaintiff here and thus, Plaintiff will be prejudiced if it is delayed in proving its rights here.

The Meiling and Distributor Defendants reply and argue that Plaintiff has failed to substantively respond to their arguments.  (ECF No. 90).  The Meiling and Distributor Defendants

1    also point out that, in Plaintiff's opposition to their motion to dismiss, Plaintiff suggested that

2    "the Court consider consolidation of the [instant action and the *Chemetall* action], which will

3    inevitably result in a stay pending resolution of the pending appeal in [*Chemetall*]."  (ECF No. 76

4    at 5).  The Meiling and Distributor Defendants argue that this is exactly the type of situation in

5    which a stay is warranted because discovery would be extensive and possibly moot depending on

6    the Court's ruling in *Chemetall*.

7         The Meiling and Distributor Defendants have the more persuasive argument.  Having

8    reviewed the instant complaint and the complaint in the *Chemetall* action, the Court notes that

9    they arise out of similar circumstances.  And Plaintiff has indicated in its complaint in the instant

10   action that the two cases are related.  Discovery is currently stayed in the *Chemetall* action, a stay

11   which Plaintiff has acknowledged.  And Plaintiff initially agreed to a stay in this action, but

12   revoked that agreement after purportedly learning that the Court would not issue a decision on the

13   pending motions to dismiss within two weeks.  The Court also finds that the pending motions to

14   dismiss require no additional discovery.  And the Meiling and Distributor Defendants have

15   demonstrated good cause to stay discovery by pointing out that this case is related to other,

16   pending litigation, the outcome of which may alter the scope of discovery here.  The Court thus

17   stays discovery and denies the parties' joint stipulated discovery plan without prejudice.

18        **C.    *Motion for sanctions.***

19        The Meiling Defendants move for Federal Rule of Civil Procedure 11 sanctions against

20   Plaintiff and its counsel.  (ECF No. 84).  In Defendants' Rule 11 motion practice, they contend

21   that Plaintiff's allegations lack a good faith basis because Plaintiff's claims are time barred,

22   Plaintiff lacks standing to sue, that Plaintiff's instant suit is duplicative of other actions, and that

23   Plaintiff maintained the complaint even though the Meiling Defendants informed it of these

24   deficiencies.  However, the Meiling Defendants' Rule 11 motion reflects many of the same

25   arguments they raise in their motion to dismiss.  (ECF No. 63).

26        The Court declines to enter this fact-based thicket at this juncture.  "The time when

27   sanctions are to be imposed rests in the discretion of the trial judge.  However, it is anticipated

28   that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the

end of the litigation." Fed. R. Civ. P. 11, Advisory Committee Notes (1983). To that end, "[c]ourts should, and often do, defer consideration of [Rule 11] sanctions motions until the end of trial to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits." *Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d 17, 23 (1st Cir. 1999); *see also Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998). Such deferral is especially appropriate where the Rule 11 motion is targeting factual disputes regarding allegations in a pleading that go to the core of the case because "a Rule 11 motion is not a proper substitute for a motion for summary judgment." *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003); *see also in re New Motor Vehicles Canadian Export Antitrust Litig.*, 236 F.R.D. 53, 57 (D. Me. 2006); *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 686 F. Supp. 1319, 1351 (N.D. Ill. 1988). Courts within the Ninth Circuit routinely defer Rule 11 motions regarding the pleadings until the case is resolved on its merits. *See, e.g.*, *Waidhofer v. Cloudflare, Inc.*, No. CV 20-6979 FMO (ASx), 2021 WL 8532943, at *8 (C.D. Cal. Sept. 29, 2021); *United Specialty Ins. Co. v. Dorn Homes Inc.*, CV-18-08092-PCT-MTL, 2020 WL 8416010, at *3 (D. Ariz. Jan. 9, 2020); *Remington v. Mathson*, No. 17-cv-02007-JST, 2017 WL 3421966, at *5-6 (N.D. Cal. Aug. 9, 2017); *Belda v. Bank of Am.*, No. CV 15-7634 FMO (AGRx), 2016 WL 7444913, at *10 (C.D. Cal. June 20, 2016); *Bighorn Capital, Inc. v. Security Nat'l Guaranty, Inc.*, No. C 15-03083 SBA, 2015 WL 9489897, at *4 (N.D. Cal. Dec. 30, 2015); *GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 5443046, at *5 (N.D. Cal. Sept. 30, 2013); *Golden Gate Way, LLC v. Stewart*, No. C 09-04458 DMR, 2011 WL 3667496, at *5 (N.D. Cal. Aug. 22, 2011); *Rodriguez v. Serv. Emps. Int'l*, No. C-10-01377 JCS, 2010 WL 3464365, at *2 (N.D. Cal. Sept. 1, 2010); *Mitchel v. City of Santa Rosa*, 695 F. Supp. 2d 1001, 1013 (N.D. Cal. 2010); *Wingle v. United States*, No. CV-F-05-160RECCLJO, 2005 WL 2604184, at *5 (E.D. Cal. Oct. 13, 2005); *see also Telesaurus VPC, LLC v. Power*, 888 F. Supp. 2d 963, 972 (D. Ariz. 2012).

In the instant motion, the Meiling Defendants seek their fees and costs "at a minimum" based on the contention that Plaintiff's allegations are contrary to the evidence. But this is effectively a motion for summary judgment. Rather than weigh in on such issues through the lens

of a Rule 11 motion, such issues are better addressed after the resolution of the factual disputes on summary judgment or trial.

**IT IS THEREFORE ORDERED** that the Court construes Plaintiff's notices (ECF Nos. 73 and 74) as motions to serve Ronatec and Electroplating via their respective Secretaries of State and **denies** both motions.

**IT IS FURTHER ORDERED** that Defendants' joint motion to stay discovery (ECF No. 83) is **granted.**

**IT IS FURTHER ORDERED** that the parties' joint discovery plan (ECF No. 82) is **denied without prejudice.**  The parties must submit a stipulated discovery plan within **thirty days** after the Court rules on the pending motions to dismiss.

**IT IS FURTHER ORDERED** that the Meiling Defendants' motion for sanctions (ECF No. 84) is **denied without prejudice.**

DATED: November 27, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE